```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  ASHLEY THOMAS,

                        Plaintiff,           MEMORANDUM & ORDER
                                             21-CV-6900(EK)(CLP)
            -against-

  ABDELMALA MATTA and UBER
  TECHNOLOGIES, INC.,

                        Defendants.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Ashley Thomas was involved in a vehicle accident with Defendant Abdelmala Matta, a driver for Uber Technologies, Inc.  She filed suit against Matta and Uber in the New York Supreme Court, Kings County, in January 2020.  *See* Am. Notice of Removal ¶ 1, ECF No. 8.  Uber later removed the action based on diversity jurisdiction.[1]  Thomas now moves to remand the case because defendant Matta did not timely consent to removal.

        Because the case was improperly removed, the motion to remand is GRANTED.

---

[1] The district court has original jurisdiction based on diversity.  28 U.S.C. § 1332(a).  Plaintiff is a citizen of New York, Defendant Matta is a citizen of New Jersey, and Defendant Uber is a citizen of Delaware and California.  Am. Notice of Removal ¶ 13. The amount in controversy exceeds $75,000.  *Id.* ¶ 11.

I. Background

Thomas's state-court complaint did not specify the amount of damages she sought because New York law instructs that the complaint in "an action to recover damages for personal injuries . . . shall not state the amount of damages." N.Y. C.P.L.R. 3017(c). Because the complaint did not list the amount of damages sought, Uber was unable to determine if the case was removable from the face of the complaint. After repeated attempts to ascertain the amount of damages through demands served on Thomas, Uber moved to compel a response from Thomas. Am. Notice of Removal ¶ 9. The state court granted a second motion to compel in November 2021. *Id.* ¶ 10. Then, on December 3, 2021, Thomas complied with the order and informed the defendants that she was seeking $10,000,000 in damages. *Id.* ¶ 11.

On December 14, Uber removed the case to federal court based on diversity jurisdiction. First Notice of Removal 1, ECF No. 1.[2] Uber later filed an amended notice of removal on December 31, 2021. Am. Notice of Removal. Thirty days after Uber first noticed removal, Thomas moved to remand the case, on the basis that Defendant Matta had not consented to removal and thus removal was improper. Mot. to Remand to State Ct., ECF No.

---

[2] Page citations refer to the internal pagination of the parties' briefs and notices of removal; all other page citations refer to ECF pagination.

9.  Matta filed his consent to removal a day later, January 14. Notice of Consent to Removal, ECF No. 11.

## II. Discussion

A suit filed in state court may properly be removed by a defendant if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). 28 U.S.C. § 1446 sets out the procedures for removal. Because "statutory procedures for removal are to be strictly construed," the district courts are to "resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).[3]

Section 1446(b) requires that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Under § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, and internal quotation marks.

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In a case involving multiple defendants, each "must independently express their consent to removal." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). In *Taylor v. Medtronic, Inc.*, the Court of Appeals resolved the question of "whether the removal statute allows a defendant to consent to removal after the thirty-day deadline for removal lapses" in the negative. 15 F.4th 148, 151 (2d Cir. 2021) (reversing district court's denial of remand motion where one defendant did not consent within thirty-day removal period). Where "a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent." *Id.*

Straightforward application of these procedural rules requires remand here. Matta did not consent to removal within the thirty-day statutory period, which started to run on the date that the defendants could ascertain the case's removability. That date was December 3, 2021, when Thomas notified the defendants that she was seeking $10,000,000 in damages.

*Taylor* is clear: within the "thirty-day window" to file a notice of removal, "all defendants who have been properly

4

joined and served must join in or consent to the removal of this action, the so-called rule of unanimity." *Taylor*, 15 F.4th at 150. While the thirty-day removal clock began with the initial pleading in that case, *Taylor's* logic extends equally to instances where "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b)(3). Here, as noted, the thirty-day clock began to run on December 3, when the defendants received a "paper" from which removability could be ascertained. *Id*. Matta thus had until January 3 (because the thirtieth day, January 2, was a Sunday) to consent. He waited until January 14, which renders his consent untimely.[4] *See Westmoreland v. Wawona Packaging Co., LLC*, No. 16-CV-5981, 2016 WL 7165959, at *3 (E.D.N.Y. Dec. 8, 2016) (remanding where one defendant did not timely consent to removal within thirty days from when it received a paper indicating the case was removable).

Neither defendant disputes that the facts establishing removability emerged on December 3. Uber, the removing defendant, argues instead that I should carve out an exception to the thirty-day requirement because "Uber should not be unfairly penalized for a procedural oversight made by a co-

---

[4] Even if the time to consent to removal began to run only when one of the codefendants filed its initial notice of removal (as opposed to when the defendants received a paper from which removability was ascertainable), Matta's January 14 consent would be untimely. Uber filed its initial notice of removal on December 14. Matta would have needed to consent to removal by January 13.

5

defendant during the height of the Omicron variant's spread and file transition between co-defendant's law firms," which would be "consistent with the purpose behind the rule of unanimity." Uber Mem. in Opp. to Mot. 3, ECF No. 13-1.  This request is foreclosed by *Taylor*, however, which noted that "nothing in the statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses."  15 F.4th at 153.

In addition to joining Uber's request that I excuse his untimely consent, Matta contends that his January 14, 2022, consent was timely because it was "well within the 30-day period to consent to the properly drafted Amended Notice of Removal as required by this Court."  Matta Mem. in Opp. to Mot. 4-5, ECF No. 12-1.  He cites no case law or statutory authority for the proposition that the thirty-day consent period runs from the day the notice of removal is provided, let alone the day an amended notice is filed.

### III.  Conclusion

For the foregoing reasons, this case is remanded to the Supreme Court of the State of New York, Kings County.  The Clerk of Court is respectfully directed to remand the action,

send a certified copy of this Order to the Clerk of that court, and close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: August 3, 2022
Brooklyn, New York